## CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Suda, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I make this continuation in support of a criminal complaint against Randy Thomas Morin for a violation of 18 U.S.C. § 113(a)(8), assault by strangulation. Based on the information disclosed below, I submit there is probable cause to believe that on or about December 22 through 23, 2024, Morin violated 18 U.S.C. § 113(a)(8), assault by strangulation, in the Western District of Michigan. I therefore request that the Court authorize the criminal complaint and an arrest warrant for Morin.

   a. 18 U.S.C. § 113(a)(8) criminalizes the "[a]ssault of a[n] . . . intimate partner . . . by strangling, suffocating, or attempting to strangle or suffocate."

   b. Strangling is "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether that conduct results in any visible injury" or whether there is an intent to kill or injure. 18 U.S.C. § 113(b)(4). The U.S. Attorney's Office informs me that it is sufficient if a victim says the defendant put hands around her neck which affected her breathing. *See United States v. Vasquez*, 729 F. App'x 383, 388 (6th Cir. 2018).

2. I am a Special Agent with the FBI and have been since February 2023. I am currently assigned to the Marquette Resident Agency in Marquette County, Michigan. In my employment as an FBI Special Agent, I have received training in investigating various types of federal criminal law violations, including assault by strangulation. Prior to being hired by the FBI, I was employed by the Ohio Department of Public Safety as a State Trooper for almost 7 years.

3. My duties include the investigations of various violations of federal criminal law, including assaultive matters, such as violations of 18 U.S.C. § 113(a)(8), assault by strangulation. The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents, other law enforcement officers, and witnesses. This continuation is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Probable Cause

4. The residence where these offenses occurred, 16 Center Street, L'Anse, Michigan, 49946, is located within the exterior boundaries of the L'Anse Reservation of the Keweenaw Bay Indian Community, a federally recognized tribe, which the United States Attorney's Office informs me makes it Indian Country as defined by federal law. The residence is located within the Northern Division of the Western District of Michigan. Victim, whose identity is known to investigating agents, is an enrolled member of the Keweenaw Bay Indian Community and is an Indian for purposes of federal law.

5. On December 24, 2024, officers from the L'Anse Police Department (LPD) responded to the Ojibwa Casino to speak to Victim about an assault that occurred on December 23, 2024. LPD officers observed injuries to Victim's face, head, back, and buttocks. Victim told officers that on the morning of December 23, she and Morin had sex. After having sex, Morin started striking Victim in the head and face with his elbows. Morin "choked" Victim using one hand and used his other hand to insert his fingers into her mouth. During the assault, Moring told Victim "fuck you, I'm going to kill you." Victim told LPD officers that she bit Morin's finger. Morin's mother came into the room and had Victim sit in a chair downstairs. Morin and his mother drove Victim to the Ojibwa Casino in Baraga. Morin rented a hotel room for Victim and left her there. Photographs were taken of Victim's injuries.

6. After the interview with Victim, LPD and Keweenaw Bay Tribal Police (KBTPD) officers viewed security footage of the casino. They observed Morin enter the casino, rent a room, and leave. Morin returned with Victim and left her in the hotel room he rented. A receipt for a hotel room with Morin named as the guest was photographed.

7. On December 24, 2024, LPD officers interviewed Morin. Morin admitted to being at the Ojibwa Casino on December 23, 2024. Morin declined to answer further questions. LPD officers observed a band-aid on Morin's right middle finger (which would be consistent with Victim's statement that she bit one of his fingers).

8. On December 27, 2024, Victim arrived at the FBI Marquette office and completed an interview. Prior to the interview, photographs were taken of Victim's

3

injuries. Victim said that on December 22, 2024, she and Morin had sex at Morin's mother's house. After sex, Morin started striking Victim in the head with his elbows. Victim was naked, on her back, on the bed. Morin grabbed Victim by the neck with one hand and started to squeeze. Victim described the amount of pressure as a "12" on a scale of one to ten. Victim was not able to breathe. Morin told Victim "I'll kill you bitch" and Victim was afraid she was going to die. While one hand was around Victim's neck, Morin stuck the fingers from his other hand into Victim's mouth. Victim bit Morin's fingers, wounding him. Morin let go of Victim's neck, put her on her stomach on the bed, and started striking her back and buttocks. Morin's mother walked in, and Morin stopped.

9. After the assault stopped, Morin and his mother brought Victim to the Ojibwa Casino and Hotel in Baraga. Morin used his credit card to rent a hotel room. Victim did not have a credit card and had to pay Morin in cash for renting the room. Morin left Victim at the hotel room.

10. I submit there is probable cause to believe the crime under investigation was committed. Regarding assault by strangulation, Morin is a Non-Indian, but Victim is an enrolled member of the Keweenaw Bay Indian Community. Further, the residence is on land held in trust by the United States for the benefit of the Keweenaw Bay Indian Community based on information I received from the Bureau of Indian Affairs.

## CONCLUSION

11. I submit that this continuation establishes probable cause to believe that Morin committed a violation of 18 U.S.C. §§ 113(a)(8), assault by strangulation.

I, therefore, request that the Court authorize the criminal complaint and issue an arrest warrant for Morin's arrest.